UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JEAN CARLOS CONTRERAS PERNIA,

                  Petitioner,

v.

KRISTI NOEM et al.,

                  Respondents.

_____/

Case No. 1:26-cv-757

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a combined counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for emergency injunctive relief (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.18.) In an order entered on March 11, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 3.) Respondents filed their response on March 16, 2026, (ECF No. 4), and Petitioner filed his reply later the same day (ECF No. 5).

## II.     Factual Background

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.1; Notice to Appear (NTA), ECF No. 4-1, PageID.76.) On or about May 2, 2023, Petitioner entered the United States near El Paso, Texas, without inspection. (Pet., ECF No. 1, PageID.4; NTA, ECF No. 4-1, PageID.76.) Petitioner encountered Department of Homeland Security (DHS) agents and was issued a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 4-1, PageID.76.) On May 9, 2023, Petitioner was released into the United States on his own recognizance "[p]ursuant to the authority contained in section 236 of the [INA]" which is codified at 8 U.S.C. § 1226. (Notice of Custody Determination, ECF No. 4-2, PageID.81.)

In July of 2025, ICE encountered and arrested Petitioner near the Windsor Tunnel in Detroit, Michigan. (*See* Form I-200, ECF No. 4-3, PageID.84; Resp., ECF No. 4, PageID.68.) Petitioner was detained by ICE until October 3, 2025, when ICE issued Petitioner a letter, granting him "parole until April 2, 2026." (Notification Granting Parole, ECF No. 1-2.) On October 15, 2025, Petitioner was arrested and detained at an ICE check-in appointment. (Pet., ECF No. 1, PageID.4; Resp., ECF No. 4, PageID.68.)

On January 9, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Contreras Pernia v. Noem et al.* (*Contreras Pernia I*), No. 1:26-cv-89 (W.D. Mich.). In *Contreras Pernia I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner

2

with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's

Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. &

Jud., *Contreras Pernia I*, (W.D. Mich. Feb. 2, 2026), (ECF Nos. 6, 7).

On February 9, 2026, the Detroit Immigration Court held a bond hearing under 8 U.S.C.

§ 1226, and the Immigration Judge (IJ) denied Petitioner's bond request because Petitioner

> did not establish he is not a danger or a flight risk. [Petitioner] served in the
> Venezuelan military during a period of time when it committed significant human
> rights abuses against the citizens of Venezuela. [Petitioner] did not present
> evidence to show he has not engaged in such abuses. Nor has [Petitioner] presented
> evidence he is not subject to bars to relief from removal, which makes an already
> speculative application even more tenuous.

Order of the IJ, *Contreras Pernia I*, (W.D. Mich. Feb. 2, 2026), (ECF No. 8-1, PageID.113).

## III.    Analysis

In this case, Petitioner received a § 1226(a) bond hearing on February 9, 2026, before the

Detroit Immigration Court. At the bond hearing, the Immigration Judge denied bond because

"[Petitioner] did not establish he is not a danger or a flight risk." Order of the IJ, *Contreras Pernia*

*I*, (W.D. Mich. Feb. 2, 2026), (ECF No. 8-1, PageID.113). In light of the burden of proof applied

at the February 9, 2026, bond hearing, for the reasons set forth in *Soto-Medina v. Lynch*, No. 1:25-

cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026), the Court will

conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein,

the Court does not address other claims in Petitioner's § 2241 petition.[1]

---

[1] The Court notes that Petitioner argues he should be released pursuant to any conditions that
existed under his § 1182(d)(5)(A) parole because Respondents failed to follow the statutory
process to properly terminate Petitioner's parole. The October 3, 2025, letter that granted Petitioner
parole after he was released from ICE detention does not indicate the statutory basis for the parole.
(*See* Notification Granting Parole, ECF No. 1-2.) Based on the record before this Court, there is

3

**<u>Conclusion</u>**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      April 7, 2026                              /s/ Jane M. Beckering
                                                       Jane M. Beckering
                                                       United States District Judge

---

nothing in the record to confirm that Petitioner was paroled pursuant to § 1182(d)(5)(A). Under these circumstances, at this time, the Court will not grant relief on that basis.

4